84

CHANG FENG JIANG, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Michael B. Mukasey, U.S. Attorney General,[1] Respondents.

No. 06–5210–ag.

United States Court of Appeals, Second Circuit.

Feb. 4, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Chang Feng Jiang, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Anh–Thu P. Mai, Senior Litigation Counsel, Thomas B. Fatouros, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Feng Jiang, a native and citizen of the People's Republic of China, seeks review of an October 16, 2006 order of the BIA affirming the May 3, 2005 decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Feng Jiang,* No. A98 584 041 (B.I.A. Oct. 16, 2006), *aff'g* No. A98 584 041 (Immig. Ct. N.Y. City May 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, this Court lacks jurisdiction to review the agency's determination that Jiang's asylum application was not timely filed. 8 U.S.C. § 1158(a)(2)(B). Moreover, we lack jurisdiction to review the BIA's purely factual determination, based on the background materials included in the record, that China does not have a national policy of sterilizing individuals who return to China from the United States with two children and that the birth of Jiang's second child therefore did not constitute a changed circumstance warranting an exception to the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(D).

■ With respect to Jiang's withholding of removal claim, the agency's determination that Jiang failed to establish a clear probability that he would be persecuted in China based on his opposition to the family-planning policy is supported by substantial evidence. The BIA properly concluded that Jiang's fear that he would be sterilized in China was speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Based on the background materials included in the administrative record, the BIA did not err in finding that Jiang's fear of sterilization was not objectively reasonable and that he had not established that he would more likely than not be persecuted in China because he had two children. *See Matter of C–C–*, 23 I. & N. Dec. 899, 900–03 (B.I.A.2006).

■ In addition, the agency properly concluded that Jiang had not established a clear probability that he would be persecuted in China based on his religion. Even if the December 1992 raid of Jiang's church and the ankle injury he allegedly suffered as a result could be construed as an incident of persecution, Jiang's subsequent religious activities, or lack thereof, undermine his contention that he would more likely than not be subjected to persecution in China. In sum, given Jiang's testimony and the background materials included in the record, the agency did not err in concluding on the basis of the record before it that someone with Jiang's level of religious involvement would not likely suffer persecution in China on account of his beliefs.

■ We note that, in support of his petition to this Court, Jiang has submitted a document that was not part of the administrative record, which he claims not to have received until November 2006 and which therefore could not have been made part of his submission to the IJ. Jiang argues that with this document, he has established a clear probability that he will be sterilized upon return to China and demonstrated changed circumstances warranting an exception to the one-year deadline for his asylum application. However, we have held that, the proper vehicle for renewed consideration of Jiang's claims in light of such a document is a motion to reopen filed with the BIA, not a petition for review in this Court. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007).

■ Finally, because Jiang failed to exhaust his CAT claim before the BIA, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162, 174 (2d Cir.2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.